IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **THE CITIZENS BANK**,<br><br>    Plaintiff,<br><br>v.<br><br>**ACS/NES PROPERTIES, INC., ADONNA SMITH, and NATHANIEL SMITH**,<br><br>    Defendants. | Civil Action No. 7:12-CV-88 (HL) |

## ORDER

On July 5, 2012, Plaintiff The Citizens Bank filed a dispossessory action in the Magistrate Court of Lowndes County in an attempt to evict ACS/NES Properties, Inc. and all other occupants from commercial property located at 5108 Northwind Boulevard, Valdosta, Georgia, after a foreclosure sale. (Doc. 3, p. 23). Adonna Smith, who is listed on the dispossessory complaint as the agent for ACS/NES Properties, removed the matter to this Court on July 17, 2012 (Doc. 1). Smith argues that the dispossessory proceedings violated the Fourteenth Amendment of the United States Constitution, the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Fair Debt Collection Practices Act. (Doc. 1, p. 2).

Because federal courts are courts of limited jurisdiction, they "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim." Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003). Consistent with the practices of this Court, the Notice of Removal and associated pleadings were subjected to an initial review to determine if the Court has subject matter jurisdiction over the case. The Court finds that it lacks subject matter jurisdiction over this lawsuit.

A "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over civil cases that involve a federal question, 28 U.S.C. § 1331, or that involve citizens of different states and exceed the $75,000 amount in controversy threshold, 28 U.S.C. § 1332. But "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden is on the removing party to show that federal jurisdiction exists. Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001) (citation omitted).

Smith purports to remove the action based on federal question jurisdiction. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331," and that rule "governs whether a case

2

is removable from state to federal court pursuant to 28 U.S.C § 1441(a)." <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830 n. 2, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Counterclaims and defenses involving the Constitution or laws of the United States are ignored when determining whether a federal question has been raised by the plaintiff's complaint. *See* <u>Beneficial Nat'l Bank v. Anderson</u>, 539 U.S. 1, 6, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003) ("To determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses. . . ."); <u>Citimortgage, Inc. v. Dhinoja</u>, 705 F.Supp.2d 1378, 1381 (N.D. Ga. 2010).

Dispossessory actions are governed by state law. *See* O.C.G.A. § 44-7-50. The face of the dispossessory complaint filed by Plaintiff indicates no federal question. While Smith contends that Plaintiff violated various federal laws, her claims are to be ignored when determining if jurisdiction exists. No federal claims were raised by Plaintiff in the underlying action. Any possible defenses or counterclaims do not provide a basis for removing the dispossessory proceeding to this Court.

Smith has not established that this Court has subject matter jurisdiction over the Lowndes County dispossessory action, which makes removal of it improper. Accordingly, this action is remanded pursuant to 28 U.S.C. § 1447(c) to the Magistrate Court of Lowndes County.

The Clerk of Court is directed to send a copy of this order to Plaintiff and Adonna Smith at their respective addresses as listed on the docket. The Clerk is also directed to close this case.

**SO ORDERED**, this 2nd day of August, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh